UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEOFFREY STEINER and
ROSEMARIE STEINER,
individually,

      Plaintiffs,

v.                                                                        Case No.:
                                                                          Division:

UNITED STATES OF AMERICA,

      Defendants,

_____/

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

COME NOW the Plaintiffs, GEOFFREY STEINER and ROSEMARIE STEINER, by and through their undersigned counsel, and sue the Defendant, UNITED STATES OF AMERICA, and state as follows:

### INTRODUCTION

1.    Plaintiffs, GEOFFREY STEINER and ROSEMARIE STEINER, file this complaint against the UNITED STATES OF AMERICA pursuant to the Federal Tort Claims Act (F.T.C.A.), 28 U.S.C. §§ 1346(b) and 2671 and 28.

2.    The claims herein are brought against Defendant, UNITED STATES OF AMERICA, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 for money damages as compensation for personal injuries caused by negligence on the part of Defendant, UNITED STATES OF AMERICA.

3.    This lawsuit has been timely filed, as Plaintiffs, GEOFFREY STEINER and ROSEMARIE STEINER, served timely notice of his claim on both the Department of Veteran

Affairs and the United States Department of Justice less than two years after the incident forming the basis of this lawsuit.

4.     Plaintiffs, GEOFFREY STEINER and ROSEMARIE STEINER, fully complied with the provisions of 28 U.S.C. §2675 by submitting Standard Form 95 (Exhibit A) to the Department of Veterans' Affairs of the Defendant, UNITED STATES OF AMERICA.

5.     The claims of Plaintiffs, GEOFFREY STEINER and ROSEMARIE STEINER, claims been denied by the Department of Veterans' Affairs on behalf of the Defendant, UNITED STATES OF AMERICA, per correspondence dated March 14, 2017 (Exhibit B).

## PARTIES, JURISDICTION AND VENUE

6.     Plaintiff, GEOFFREY STEINER, is and was at all times relevant hereto a U.S. Citizen, United States Military Veteran, and a resident of Tampa, Hillsborough County, Florida.

7.     Plaintiff, ROSEMARIE STEINER, is and was at all times relevant hereto a U.S. Citizen and a resident of Tampa, Hillsborough County, Florida.

8.     Plaintiffs, GEOFFREY STEINER and ROSEMARIE STEINER, are and were at all times relevant hereto married and living together as husband and wife.

9.     At all times relevant hereto, the Defendant, UNITED STATES OF AMERICA, through its agency, the Department of Veterans Affairs, operated Overton Brooks VA Medical Center located at 510 E. Stoner Avenue, Shreveport, Louisiana.

10.     At all times relevant hereto, the directors, officers, operators, administrators, employees, agents and staff of Overton Brooks VA Medical Center were employed by and/or acting on behalf of Overton Brooks VA Medical Center and "employees of the government" pursuant to 28 U.S.C. § 2671.

11. Because the directors, officers, operators, administrators, employees, agents and staff of Overton Brooks VA Medical Center were "employees of the government" at all times relevant hereto, Defendant, UNITED STATES OF AMERICA, is responsible for the negligent acts and/or omissions of said directors, officers, operators, administrators, employees, agents and staff under the theory of respondent superior.

12. The directors, officers, operators, administrators, employees, agents, and staff at Overton Brooks VA Medical Center, are hereinafter collectively referred to as "Overton Brooks VA".

13. At all times relevant hereto, the Defendant, UNITED STATES OF AMERICA, through its agency, the Department of Veterans Affairs, operated James A. Haley Veterans' Hospital located at 13000 Bruce B Downs Blvd, Tampa, Hillsborough County, Florida.

14. At all times relevant hereto, the directors, officers, operators, administrators, employees, agents and staff of James A. Haley Veterans' Hospital were employed by and/or acting on behalf of James A. Haley Veterans' Hospital and "employees of the government" pursuant to 28 U.S.C. § 2671.

15. Because the directors, officers, operators, administrators, employees, agents and staff of James A. Haley Veterans' Hospital were "employees of the government" at all times relevant hereto, Defendant, UNITED STATES OF AMERICA, is responsible for the negligent acts and/or omissions of said directors, officers, operators, administrators, employees, agents and staff under the theory of respondent superior.

16. The directors, officers, operators, administrators, employees, agents, and staff at the James A. Haley Veterans' Hospital are hereinafter collectively referred to as "James A. Haley VA".

17.     This court has jurisdiction over this claim against the UNITED STATES OF AMERICA pursuant to 28 U.S.C. Section 1346(b)(1).

18.     Negligent acts and/or omissions giving rise to portions of this claim against the UNITED STATES OF AMERICA occurred in the district of Florida and the vast majority of fact witnesses expected to testify do work and reside in the Middle District of Florida.   Venue is therefore proper under 28 U.S.C. Section 1402(b).

## FACTUAL ALLEGATIONS

### *Treatment of Plaintiff, GEOFFREY STEINER, at Overton Brooks VA Medical Center*

19.     On or about January 26, 2014, Plaintiff, GEOFFREY STEINER, presented to Overton Brooks VA with complaints of upper respiratory infection and chest pain.

20.     During the course of treatment for Plaintiff, GEOFFREY STEINER, Overton Brooks VA performed an electrocardiogram of Plaintiff's heart.

21.     The results of the Overton Brooks VA electrocardiogram were abnormal and demonstrated that Plaintiff, GEOFFREY STEINER, had suffered a prior myocardial infarction.

22.     At the time of the Overton Brooks VA electrocardiogram, Plaintiff, GEOFFREY STEINER, was unaware that he had suffered a prior myocardial infarction.

23.     During the course and scope of Overton Brooks VA's treatment of Plaintiff, GEOFFREY STEINER, Overton Brooks VA failed to advise Plaintiff, GEOFFREY STEINER, that the results of the Overton Brooks VA electrocardiogram were abnormal and demonstrated that Plaintiff, GEOFFREY STEINER, had suffered a prior myocardial infarction.

24.     Plaintiff, GEOFFREY STEINER, was discharged from Overton Brooks VA without ever being told by Overton Brooks VA that that the results of the Overton Brooks VA

electrocardiogram were abnormal and demonstrated that Plaintiff, GEOFFREY STEINER, had suffered a prior myocardial infarction.

25.     Overton Brooks VA has never told Plaintiff, GEOFFREY STEINER, that that the results of the Overton Brooks VA electrocardiogram were abnormal and demonstrated that Plaintiff, GEOFFREY STEINER, had suffered a prior myocardial infarction.

26.     Overton Brooks VA failed to perform or recommend further cardiac testing and/or treatment for Plaintiff, GEOFFRY Steiner based upon the abnormal results of the Overton Brooks VA electrocardiogram that demonstrated that Plaintiff, GEOFFREY STEINER, had suffered a prior myocardial infarction.

### *Treatment of Plaintiff, GEOFFREY STEINER, at James A. Haley Veterans' Hospital*

27.     On or about August 4, 2014, Plaintiff, GEOFFREY STEINER, presented to James A. Haley VA for pre-operative procedures related to an upcoming biopsy.

28.     During the course of treatment for Plaintiff, GEOFFREY STEINER, James A. Haley VA performed an electrocardiogram of Plaintiff's heart.

29.     Prior to the James A. Haley VA electrocardiogram, Plaintiff, GEOFFREY STEINER, no officer, operator, administrator, employee, agent, and/or staff of the Defendant, UNITED STATES OF AMERICA, performed further cardiac treatment and/or testing upon Plaintiff, GEOFFREY STEINER, or recommended that the Plaintiff, GEOFFREY STEINER, undergo further cardiac treatment and/or testing as a result of the abnormal results of the Overton Brooks VA electrocardiogram.

30.     At the time of the James A. Haley VA electrocardiogram, Plaintiff, GEOFFREY STEINER, was unaware that he had suffered a prior myocardial infarction.

31.   The results of the James A. Haley VA electrocardiogram were also abnormal and demonstrated that Plaintiff, GEOFFREY STEINER, had suffered a prior myocardial infarction.

32.   During the course and scope of James A. Haley VA's treatment of Plaintiff, GEOFFREY STEINER, James A. Haley VA failed to advised Plaintiff, GEOFFREY STEINER, that the results of James A. Haley VA electrocardiogram were abnormal and demonstrated that Plaintiff, GEOFFREY STEINER, had suffered a prior myocardial infarction.

33.   During the course and scope of James A. Haley VA's treatment of Plaintiff, GEOFFREY STEINER, James A. Haley VA also failed to advise Plaintiff, GEOFFREY STEINER, that the results of the prior Overton Brooks VA electrocardiogram were also abnormal and demonstrated that Plaintiff, GEOFFREY STEINER, had suffered a prior myocardial infarction.

34.   Plaintiff, GEOFFREY STEINER, was discharged from James A. Haley VA without ever being told by James A. Haley VA that that the results of either the Overton Brooks VA or James A. Haley VA electrocardiograms were abnormal and demonstrated that Plaintiff, GEOFFREY STEINER, had suffered a prior myocardial infarction.

35.   James A. Haley VA failed to perform or recommend further cardiac testing and/or treatment for Plaintiff, GEOFFRY Steiner based upon the abnormal results of both the Overton Brooks VA and James A. Haley VA electrocardiograms that demonstrated that Plaintiff, GEOFFREY STEINER, had suffered a prior myocardial infarction of indeterminate age.

### *Damages Suffered by Plaintiff, GEOFFREY STEINER, Because of Defendant's Negligence*

36.   On March 17, 2015, Plaintiff, GEOFFREY STEINER, suffered a myocardial infarction due to stenosis in several major arteries.

37.   Had any director, officer, operator, administrator, employee, agent, and/or staff of the Defendant, UNITED STATED OF AMERICA, timely advised Plaintiff, GEOFFREY

STEINER, of the abnormal results of either the Overton Brooks VA or James A. Haley VA electrocardiograms, Plaintiff, GEOFFREY STEINER, would have been able to obtain additional cardiac treatment that would have led to the discovery and treatment of the aforementioned stenotic arteries and prevented the March 17, 2015 myocardial infarction.

38.     Had any director, officer, operator, administrator, employee, agent, and/or staff of the Defendant, UNITED STATED OF AMERICA, timely treated Plaintiff, GEOFFREY STEINER, for the abnormal results of either Overton Brooks VA or James A. Haley VA electrocardiograms, the aforementioned stenotic arteries would have been discovered and the March 17, 2015 myocardial infarction prevented.

39.     As a result of the March 17, 2015 myocardial infarction which resulted due to the failure of any director, officer, operator, administrator, employee, agent, and/or staff of the Defendant, UNITED STATED OF AMERICA to advise Plaintiff of and/or treat Plaintiff for the abnormal results of either Overton Brooks VA or James A. Haley VA electrocardiograms, the Plaintiff, GEOFFREY STEINER has: endured pain and suffering; been forced to obtain additional medical treatment and undergo surgery; incurred medical bills; suffered wage loss; suffered permanent injury; suffered loss of ability to earn income; and suffered loss of capacity for enjoyment of life. Such losses are permanent in nature and continuing.

40.     As a result of the damages suffered by Plaintiff, GEOFFREY STEINER, the Plaintiff, ROSEMARIE STEINER has suffered a loss of consortium.

## COUNT I

### *Negligence at Overton Brooks VA Medical Center*

41.     Plaintiff, GEOFFREY STEINER, re-alleges and incorporates Paragraphs 1 through 40 as if fully set forth herein.

42.    That at all times relevant hereto, Defendant, UNITED STATES OF AMERICA, by and through its directors, officers, operators, administrators, employees, agents, and staff at Overton Brooks VA, had a duty to exercise reasonable care in the treatment and care of Plaintiff, GEOFFREY STEINER.

43.    Notwithstanding said duty, Defendant, UNITED STATES OF AMERICA, by and through its directors, officers, operators, administrators, employees, agents, and staff at Overton Brooks VA,  was negligent and did breech said duty in one or more of the following ways, any or all of which are departures from the accepted standard of care for such health care providers in the same or similar communities with the following particulars:

      a.    Failing to advise Plaintiff, GEOFFREY STEINER, that the results of the Overton Brooks VA electrocardiogram were abnormal and demonstrated that Plaintiff, GEOFFREY STEINER, had suffered a prior myocardial infarction;

      b.    Failing to perform, provide, and/or recommend further cardiac testing and/or treatment for Plaintiff, GEOFFREY STEINER based upon the abnormal results of the Overton Brooks VA electrocardiogram that demonstrated that Plaintiff, GEOFFREY STEINER, had suffered a prior myocardial infarction.

44.    As a direct and proximate result of the negligence of Defendant, UNITED STATES OF AMERICA, by and through its directors, officers, operators, administrators, employees, agents, and staff at Overton Brooks VA, the Plaintiff, GEOFFREY STEINER, suffered bodily injury and resulting pain and suffering, disability, scarring, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, need for additional surgery, medical and nursing care and treatment, and loss of the ability to earn money.  These losses are either permanent or continuing in nature and Plaintiff will continue to suffer these losses in the future.

45.    The acts and/or omissions set forth above would constitute a claim under the law of the State of Florida. More specifically, Chapter 766, Florida Statutes provides for a claim for medical negligence as fully stated herein.

46.    The Defendant, UNITED STATES OF AMERICA, is liable for the aforementioned negligence of Defendant, UNITED STATES OF AMERICA, by and through its directors, officers, operators, administrators, employees, agents, and staff at Overton Brooks VA, pursuant to 28 U.S.C. §§ 1346(b)(1) and 2671.

WHEREFORE, Plaintiff, GEOFFREY STEINER, does hereby request a trial by jury and pray for judgment entered in his favor and against the Defendant, UNITED STATES OF AMERICA that includes:

1. Past and future physical pain, suffering, and mental anguish; past and future medical, health, and attendant care; past and future loss of earnings and earning capacity; past and future physical impairment; past and future heart dysfunction; past and future enjoyment of life; past and future out of pocket expenses; other pecuniary damages; and loss of enjoyment of life totaling Two Million and Five Hundred Thousand Dollars ($2,500,000.00);

2. Attorney's fees and incurred in and associated with this civil action; and

3. Any additional relief at law or equity that this Court may deem just and proper.

## COUNT II

### *Negligence at James A. Haley VA*

47.    Plaintiff, GEOFFREY STEINER, re-alleges and incorporates Paragraphs 1 through 40 as if fully set forth herein.

48.     That at all times relevant hereto, the Defendant, UNITED STATES OF AMERICA, by and through its directors, officers, operators, administrators, employees, agents, and staff at James A. Haley VA had a duty to exercise reasonable care in the treatment and care of Plaintiff, GEOFFREY STEINER.

49.     Notwithstanding said duty, Defendant, UNITED STATES OF AMERICA, by and through its directors, officers, operators, administrators, employees, agents, and staff at James A. Haley VA was negligent and did breach said duty in one or more of the following ways, any or all of which are departures from the accepted standard of care for such health care providers in the same or similar communities with the following particulars:

     a.     Failing to advise Plaintiff, GEOFFREY STEINER, that the results of the either the Overton Brooks VA or James A. Haley VA electrocardiograms were abnormal and demonstrated that Plaintiff, GEOFFREY STEINER, had suffered a prior myocardial infarction;

     b.     Failing to perform, provide, and/or recommend further cardiac testing and/or treatment for Plaintiff, GEOFFRY Steiner based upon the abnormal results of both the Overton Brooks VA and James A. Haley VA electrocardiograms that demonstrated that Plaintiff, GEOFFREY STEINER, had suffered a prior myocardial infarction.

50.     As a direct and proximate result of the negligence of Defendant, UNITED STATES OF AMERICA, by and through its directors, officers, operators, administrators, employees, agents, and staff at James A. Haley VA, the Plaintiff, GEOFFREY STEINER, suffered bodily injury and resulting pain and suffering, disability, scarring, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, need for additional surgery, medical and

nursing care and treatment, and loss of the ability to earn money.  These losses are either permanent or continuing in nature and Plaintiff will continue to suffer these losses in the future.

51.    The acts and/or omissions set forth above would constitute a claim under the law of the State of Florida. More specifically, Chapter 766, Florida Statutes provides for a claim for medical negligence as fully stated herein.

52.    The Defendant, UNITED STATES OF AMERICA, is liable Defendant, UNITED STATES OF AMERICA, by and through its directors, officers, operators, administrators, employees, agents, and staff at James A. Haley VA, pursuant to 28 U.S.C. §§ 1346(b)(1) and 2671.

WHEREFORE, Plaintiff, GEOFFREY STEINER, does hereby request a trial by jury and pray for judgment entered in his favor and against the Defendant, UNITED STATES OF AMERICA that includes:

1. Past and future physical pain, suffering, and mental anguish; past and future medical, health, and attendant care; past and future loss of earnings and earning capacity; past and future physical impairment; past and future heart dysfunction; past and future enjoyment of life; past and future out of pocket expenses; other pecuniary damages; and loss of enjoyment of life totaling Two Million and Five Hundred Thousand Dollars ($2,500,000.00);

2. Attorney's fees and incurred in and associated with this civil action; and

3. Any additional relief at law or equity that this Court may deem just and proper.

## COUNT III

### *Loss of Consortium*

53.     Plaintiff, ROSEMARIE STEINER, re-alleges and incorporates Paragraphs 1 through 40 as if fully set forth herein.

54.     As a direct result of the injuries and damages sustained by Plaintiff, GEOFFREY STEINER, arising out of the negligence of the Defendant, UNITED STATES OF AMERICA, the Plaintiff, ROSEMARIE STEINER, has lost the companionship, society, affection, consortium, and services of her husband, Plaintiff, GEOFFREY STEINER, which include, but are not limited to the loss of earning capacity, contribution to family household expenses, and the daily chores and routines necessary to maintain their household.

WHEREFORE, Plaintiff, ROSEMARIE STEINER, does hereby request a trial by jury and pray for judgment entered in her favor and against the Defendant, UNITED STATES OF AMERICA that includes:

1. All damages associated with her loss of consortium to which she is entitled pursuant to applicable federal and state laws;

2. Attorney's fees and incurred in and associated with this civil action; and

3. Any additional relief at law or equity that this Court may deem just and proper.

Dated this 23 day of August, 2017.

JEFFREY "JACK" GORDON, ESQUIRE
Florida Bar Number: 0836760
RICHARD D. GIGLIO, ESQUIRE
Florida Bar Number: 0128392
MANEY|GORDON, P.A.
101 East Kennedy Boulevard, Suite 3170
Tampa, Florida 33602
P: (813) 221-1366
F: (813) 223-5920
j.gordon@maneygordon.com
r.giglio@maneygordon.com
k.ortiz@maneygordon.com
*Counsel for Plaintiff*